IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROGER YOUNG, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 13 C 4920 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| ANNE STONE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Roger Young filed a single count complaint for patent infringement against defendant Anne Stone, Inc. ("Anne Stone"). Plaintiff claims that Anne Stone's "Putt-A-Round" practice target infringes on plaintiff's "Golf Putting Practice Hole Simulator." Defendant has moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). For the reasons described below, defendant's motion is granted.

### BACKGROUND

In 1999, plaintiff developed a golf putting practice target, and in 2001, he obtained a United States Design Patent No. D442,661 ("the '661 patent") for his "Golf Putting Practice Hole Simulator." Since the development of plaintiff's product, defendant began to manufacture and sell a golf putting practice target entitled the "Putt-A-Round." Plaintiff claims that defendant's product embodies the same ornamental design as plaintiff's product and therefore infringes on the '661 patent. Plaintiff seeks to enjoin defendant from further infringement, and seeks to collect damages and fees for willful infringement. Defendant has moved for judgment on the pleadings, arguing that plaintiff's claim for design patent infringement fails as a matter of law based on the facts stated in the pleadings.

### DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir.1998). In considering a Rule 12(c) motion, the court accepts all well-pled allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim of relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

The court engages in a two-step process to determine whether defendant has infringed on the '661 patent. OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1404–05 (Fed.Cir. 1997). First, the court construes the design patent. Then, the patented design is compared to alleged infringing product. The test for infringement on a design patent is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 672 (Fed.Cir. 2008); see also Competitive Edge, Inc. v. Staples, Inc., 763 F.Supp.2d 997, 1011 (N.D.Ill. 2010). The court should not "focus[] on whether the accused design has appropriated a single specified feature of the claimed design," but rather should evaluate "whether the accused design has appropriated the claimed design as a whole." Egyptian Goddess, 542 F.3d at 677. A design infringes if "the accused article embodies the patented design or any colorable imitation thereof." Id. at 678.

The Federal Circuit has further explained that "articles which are concealed or obscure[d] in normal use are not proper subjects for design patents, since their appearance cannot be a

2

matter of concern," Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1379 (Fed.Cir. 2002) (overruled on other grounds by Egyptian Goddess, 543 F.3d at 678), and where a design contains both ornamental and functional features, it is proper to separate the functional and ornamental aspects, because the scope of the design claim "must be construed in order to identify the non-functional aspects of the design as shown in the patent," Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1293 (Fed.Cir. 2010).

The claim for the '661 patent states that it is an "ornamental design for a golf putting practice hole simulator, as shown and described." Four figures accompany this claim. The first figure is described as a "perspective view of the invention with a flag pole portion cut out to illustrate that it is longer than as shown. Omitted potions of the pole are configured the same as portions shown." The description further notes that the dotted lines on the first figure represent a potential flag configuration and an outline of how golf balls are trapped by the simulator.



The second figure is "a right side view of the invention, the

left side view, front view and rear view being a mirror image thereof."


Fig. 2

The third figure is "a top plan view of the invention."


Fig. 3

The final figure is a "bottom plan view of the invention."



In construing the patent, the court must distinguish between the functional elements and those that are ornamental. The spaced upper and lower disks of the patented design are functional, but the court notes that the differences in the mechanisms that trap the golf ball may be evaluated as part of the ornamental design because they contribute to the overall impression of the product. The pole that separates the disks is functional, and the remaining feature, the extended flagpole, is ornamental.

The parties debate whether the base of the product may be considered an ornamental element. Defendant argues that the base of its product is ornamental and features a prominent bolt to secure the flagpole, as well as three feet. In contrast, defendant points to the smooth base of the patented product. Plaintiff rejects this argument, stating that where a feature is concealed or obscured in the normal use of the device, it is not "a matter of concern" in the design patent context. Contessa, 282 F.3d at1379. However, as defendant points out, the underside of the device is visible during the normal use of the product, particularly at the point of sale and whenever a purchaser moves the device to reposition it. Under Contessa and Int'l Seaway

Trading Corp. v. Walgreens Corp., 589 F.3d 1233,1241–42 (Fed. Cir. 2009), the court will consider the ornamental design of the base.

Having distinguished the functional and ornamental features of the products, the court considers the relevant prior art. A number of the examples of prior art submitted by the parties feature spaced disks with different functional features to trap golf balls. In one design, U.S. Patent No. 1,297,055 ("Austin"), a flexible trapping disk is positioned just below the upper disk to capture the golf ball. In another design, U.S. Patent No. 2,899,207 ("Billinghurst"), both disks are tapered to capture the golf balls. The prior art all feature a pole of some length extending from the top disk.

To determine whether an ordinary observer familiar with the prior art would confuse the products, the court analyzes "whether the accused design has appropriated the claimed design as a whole," Egyptian Goddess, 543 F.3d at 677, and therefore focuses on the overall impression created by the two designs (pictured below).



Plaintiff's Product            Defendant's Product

One of the most obvious differences between the products is that top of the lower disk on defendant's product is noticeably inclined, directing the ball upward to the center where it is held in place. Plaintiff's design features a flat lower base with what appears to be a washer around the center column that holds the ball. This difference is readily apparent upon even a casual view of the two products.[1] Although the spaced disks are functional, the basic similarity of the functional features of these devices, the "spaced disks," may not serve as the basis for a determination that its product infringes on the patented design. The court notes that all of the prior art shares this feature, and it is, in part, the unique mechanisms among the products that contribute to the overall differences in appearance.

Defendant argues that the rounded cap on plaintiff's flagpole is substantially different from the tapered insert on defendant's flagpole. The flag of the alleged infringer's product also covers the top of the flagpole, while the suggested flag on the patented product (which is not a part of the patented design) appears to attach to the pole well below the cap in question, leaving the top of the flagpole visible. When the products are viewed as a whole, this difference adds to the impression that the two products are plainly dissimilar.

In addition, the underside of the base of the alleged infringer's product is substantially different from the patented design. While the patented design features a smooth surface, there are multiple elements on defendant's product that stand out. There is a prominent central bolt

---

[1] Plaintiff argues that the ordinary observer will pay less attention when evaluating the product because it is inexpensive, citing Braun, Inc. v. Dynamics Corp. of Am., 975 F2d 815 (Fed. Cir. 1992). The court notes that the ordinary observer standard articulated in Egyptian Goddess controls, but that even if a consumer gave the products a less in-depth review, the overall appearances of the products are sufficiently dissimilar to obviate any confusion between the products.

that secures the flagpole, as well as three small, round feet. These designs are plainly dissimilar to the ordinary observer.

Under the ordinary observer test, the court concludes that the two products are so plainly dissimilar that defendant is entitled to judgment as a matter of law. An ordinary observer is unlikely to believe that the patented design and the accused design are the same. Even disregarding the marked difference in the functional elements of the products, the appearances of the products are dissimilar enough to conclude that an observer familiar with the prior art would not confuse the products.

## **CONCLUSION**

For these reasons, the court finds that the two devices are so obviously dissimilar as to warrant a finding of non-infringement as a matter of law, and awards judgment for defendant Anne Stone and against plaintiff Roger Young.

**ENTER:** **August 28, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**